UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD.,<br><br>         Plaintiff,<br><br> -against-<br><br>ADITXT, INC.,<br><br>         Defendant. | Civ. No.<br><br>**COMPLAINT** |

Plaintiff Sabby Volatility Warrant Master Fund Ltd. ("Sabby"), by its attorneys, submits this complaint against defendant Aditxt, Inc. ("Aditxt," or the "Defendant"), and respectfully alleges, upon knowledge as to its own acts and information as to the acts of others, as follows:

Introduction

1. This case arises out of Defendant's breach of a Warrant Agreement and Securities Purchase Agreement ("SPA"), both dated April 20, 2023. On August 31, 2023, Defendant's shares leaped in value and Plaintiff's Warrants were, for the first time, in the money. Plaintiff is an institutional investor that was prepared to exercise the Warrants at the earliest opportunity that made economic sense. But Plaintiff was unable to exercise and sell during the brief window when the Warrants were in the money, because Defendant failed to register the common stock underlying the Warrants in breach of its contractual commitments. Plaintiff has suffered more than $2 million in losses as a result of Defendants breach of contract.

Parties

2. Plaintiff Sabby Volatility Warrant Master Fund Ltd. is a company formed under the laws of the Cayman Islands with its principal place of business in George Town, Cayman Island.

12267882-5

3.      Defendant Aditxt, Inc. is a Delaware Corporation with its principal place of business in Richmond, Virginia. Aditxt's shares trade on the NASDAQ stock exchange under the symbol ADTX.

## Jurisdiction

4.      This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of a foreign state and Defendant is a citizen of one or more States and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of the Cayman Islands and Defendant is a Delaware Corporation with its principal place of business in Virginia.

5.      Pursuant to Section 5.9 of the SPA, Aditxt consented to jurisdiction and venue in the "state and federal courts sitting in the City of New York." Jurisdiction and venue are therefore appropriate.

## Factual Background

6.      On April 20, 2023, Defendant entered into the Securities Purchase Agreement (the "SPA") and Common Stock Purchase Warrant (the "Warrant Agreement") with Sabby. Pursuant to the SPA, Sabby paid $1.9 million and acquired, among other securities, warrants to purchase 3,170,700 shares of Aditxt common stock with an initial exercise price of $0.86 per share (the "Warrants"). The SPA and Warrant Agreement were a single integrated transaction.

7.      Pursuant to Section 3(a)(iii) of the Warrant Agreement, the Warrants adjusted to 79,267.50 shares at an exercise price of $34.40 per share following a 40 to 1 reverse share split on August 18, 2023. Defendant's shares closed at $16.90 on that date.

8.      Under Section 2(a) of the Warrant Agreement, Sabby could exercise the Warrants at any time following the Initial Exercise Date of April 24, 2023 by submitting a Notice of Exercise to Aditxt by e-mail and paying the appropriate exercise price.

2

9. Under Section 4.9 of the SPA, Aditxt represented that it had "reserved and the Company shall continue to reserve and keep available at all times, free of preemptive rights, a sufficient number of shares of Common Stock for the purpose of enabling the Company to issue Shares pursuant to this Agreement and Warrant Shares pursuant to any exercise of the Warrants."

10. When the Parties signed the SPA and Warrant Agreement, the Warrants and the shares underlying the Warrants were not registered for resale in the public markets. As an essential inducement to the investment, Aditxt agreed in Section 4.18 of the SPA as follows:

> Registration Statement. As soon as practicable (and in any event within thirty (30) calendar days following the date of this Agreement), the Company shall file a registration statement on Form S-3 (or other appropriate form if the Company is not then S-3 eligible) providing for the resale by the Purchasers of the Common Warrant Shares issued and issuable upon exercise of the Common Warrants. The Company shall use commercially reasonable efforts to cause such registration statement to become effective with sixty (60) days following the Closing Date and to keep such registration statement effective at all times until no Purchaser owns any Common Warrants or Common Warrant Shares issuable upon exercise thereof.

11. Sabby paid approximately $400,000 additional so the Warrants would be exercisable for free-trading Aditxt stock, which could only be obtained through a registration statement with the SEC. Absent an effective registration statement, Sabby would be required to hold the Warrants for a minimum of six months in order to receive free trading shares. Sabby expressly bargained for the right to receive free trading shares at the earliest possible opportunity. Defendant agreed to file a registration statement "as soon as practicable" and use "commercially reasonable efforts" to obtain a notice of effectiveness.

12. Defendant did not file a registration statement for the Warrants within thirty days. Nor did it use "commercially reasonable efforts to cause such registration statement to become effective with sixty (60) days." Defendant filed a registration statement on June 29, 2023 for a

possible offering, which was cleared to be effective on July 14, 2023. Defendant did not include Plaintiff's securities in the registration statement. Had Defendant complied with its contractual obligations, Plaintiff would have had free trading shares on July 14, 2023. The ease and swiftness with which Defendant's shares could be registered with the SEC was re-confirmed in September 2023. Defendant filed a registration statement on September 15, 2023, which went effective seven days later on September 22, 2023. Once again, Defendant omitted Sabby's shares from the registration statement.

13. The share price of Aditxt common stock was below the exercise price—meaning the Warrants were "out of the money"—upon issuance and remained so until August 31, 2023. On that day, the shares opened at $9.69, and reached a high of $68.08, closing at $55.00 on heavy volume. The share price closed at $45.36 the next day and at $36.80 the following trading day, September 5, 2023. The shares have closed out of the money ever since.

14. On August 31, 2023, Sabby took steps to exercise its Warrants and sell shares to capture profit but could not submit a Notice of Exercise pursuant to Section 2(a) of the Warrant Agreement to obtain free trading shares. Defendant had not registered the shares underlying the Warrants for resale in the public markets. Sabby was entitled to shares that could be sold on August 31, 2023, but as a result of Defendant's breach, no such shares were available.

15. As a direct result of the Company's breach of the SPA and Warrant Agreement, Sabby has suffered more than $2 million in losses, representing the profit that would have been earned on August 31, 2023 upon exercise and sale on that date.

16. The price of Aditxt common stock has trended downward since September 5, 2023, trading far below the exercise price of the Warrants. On November 16, 2023, for example, the shares closed at $3.94.

## COUNT I
## (Breach of Contract)

17. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs.

18. Defendant breached the Warrant Agreement and SPA by failing to have free-trading shares of Aditxt common stock such that Plaintiff could exercise the Warrants and sell in the public markets.

19. Plaintiff is entitled to compensatory damages resulting from Defendant's breach for an amount to be determined at trial, but which is estimated to exceed $2,000,000. Plaintiff is also entitled to recover its attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a. On the first cause of action, a finding of breach of contract;

b. For a determination of damages resulting from Aditxt's breach of contract, of an amount to be determined at trial, but which is estimated to exceed $2,000,000;

c. For an award of pre-judgment interest to the maximum amount allowed by law and attorneys' fees; and

d. For all other relief to which Plaintiff may be justly entitled.

Dated: November 22, 2023
New York, New York

                OLSHAN FROME WOLOSKY LLP

By: */s/ Thomas J. Fleming*
Thomas J. Fleming
Stephen P. Ross
*Attorneys for Plaintiff*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
tfleming@olshanlaw.com
spross@olshanlaw.com