UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., <br><br> Plaintiff, <br><br> -against- <br><br> ADITXT, INC., <br><br> Defendant. | Civ. No. 23-cv-10288 (JPO) |

# MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF ISSUANCE PURSUANT TO SECTION 3(A)(10) OF THE SECURITIES ACT OF 1933

12319751-3

Plaintiff Sabby Volatility Warrant Master Fund Ltd. ("Sabby") and Defendant Aditxt, Inc. ("Aditxt" and, together with Sabby, the "Parties") jointly submit this memorandum of law in support of their request that the Court approve, pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10) ("Section 3(a)(10)"), the issuance of up to 1,000,000 shares of Common Stock of Aditxt, which shall be used to provide Sabby with the Settlement Shares (as defined below) as exempt from registration under the 1933 Act and without restrictive legends (the "Section 3(a)(10) Application"). The Parties further request that the Court expedite this motion consistent with the terms of the operative settlement agreement.

## BACKGROUND

Aditxt is a Delaware corporation whose common stock is registered under the Securities Exchange Act of 1934, as amended (the "Exchange Act") and publicly traded on NASDAQ. On November 22, 2023, Sabby filed an action against Aditxt in the United States District Court in the Southern District of New York, entitled *Sabby Volatility Warrant Master Fund Ltd. v. Aditxt, Inc.,* 23-cv-10288 (JPO) (the "Action") because Aditxt failed to issue free-trading shares to Sabby pursuant to a Warrant Agreement and Securities Purchase Agreement ("SPA"), both dated April 20, 2023. On January 3, 2024, the Parties entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement"). *See* **Fleming Decl. Ex. 2, ¶ 3**. The Settlement Agreement resolves all claims in the Action, subject to this Court's approval of the requested 3(a)(10) issuance requested herein. The receipt of free trading securities, exempted pursuant to Section 3(a)(10), is an essential element of the Settlement Agreement as it will permit Sabby to receive marketable shares. The Parties will file a stipulation of discontinuance in the pending action after the closing of the settlement.

Under the Settlement Agreement, Aditxt agreed to deliver to Sabby, subject to a court order pursuant to Section 3(a)(10) (the "Proposed 3(a)(10) Order"), the number of shares of Aditxt

common stock that results from $1,600,000 divided by the closing price on the day prior to the Court's approval of this Motion (the "Settlement Shares"). *See* **Fleming Decl. Ex. 2, ¶ 4.** However, given that the closing price of Aditxt common stock on that future date is unknown, the Parties cannot currently specify the number of Settlement Shares. **Fleming Decl. Ex. 2, ¶ 5.** The Parties request that the Court authorize the issuance and transfer of *up to* 1,000,000 shares of Aditxt Common Stock. If the Court signs the Proposed 3(a)(10) Order, Aditxt will only issue the Settlement Shares to Sabby according to the above formula, and no additional shares will be issued pursuant to the Proposed 3(a)(10) Order.

Subject to Section 2 below, the Settlement Shares shall be issued free of restrictive legends. The Settlement Agreement is conditioned upon an exemption pursuant to Section 3(a)(10) for the Settlement Shares. *See* **Fleming Decl. Ex. 2, ¶ 6**.

## ARGUMENT

I. **The Standard for Exemption From Securities Act Registration Under Section 3(a)(10).**

As a publicly traded company, Aditxt must issue securities with restrictive legends unless those shares have been registered under the 1933 Act or qualify for exemption from registration. Section 3(a)(10) provides an exemption from SEC registration for securities issued in exchange for a *bona fide* claim through court approval upon a judicial determination that the exchange is fair to those to whom the securities will be issued. In pertinent part, Section 3(a)(10) reads as follows:

> Exempted Securities. Except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities: . . . (10) . . . [A]ny security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue

2

> securities in such exchange shall have the right to appear, by any court or by any official or agency of the United States or by any State or Territorial banking or insurance commission or other governmental authority expressly authorized by law to grant such approval.

15 U.S.C. § 77c(a)(10)

Although securities issued by an issuer such as Aditxt in unregistered transactions are typically "restricted," and thus subject to a holding period requirement, the SEC has acknowledged that securities issued without registration in reliance upon Section 3(a)(10) are not deemed to be "restricted securities." Attached as **Fleming Decl. Exhibit 1** is a copy of SEC Revised Staff Legal Bulletin No. 3A (CF) dated June 18, 2008 ("Staff Legal Bulletin No. 3A"), describing the framework for how Section 3(a)(10) exemptions are structured.

It is well established that Section 3(a)(10) is available for securities issued pursuant to the settlement of a lawsuit, such as this action, provided that the court first affords those who will receive such securities an opportunity to be heard, and then finds that:

(i) Every person entitled to receive such securities pursuant to the settlement has received notice of the hearing;

(ii) Such persons have the opportunity to be heard at the hearing;

(iii) The court has been advised prior to the hearing that if the settlement is approved by the court, the securities issued and distributed pursuant thereto will not be required to be registered under the act by virtue of the court's approval; and

(iv) The court approves the terms and conditions of the issuance of securities under the settlement as fair, reasonable and adequate.

*See generally* Staff Legal Bulletin No. 3A; *see also YA II PN, Ltd.., v. Taronis Technologies, Inc.*, 453 F. Supp. 3d 622, 625 (S.D.N.Y. 2020) (holding that proposed settlement of action satisfied requirements of Section 3(a)(10)); *In re Trade Partners, Inc. Investor Litig.*, No. 1:07-md-1846, 2009 WL 440904 (W.D. Mich. 2009) (same); *In re Tripath Tech., Inc. Secs. Litig.*, No.

3

C 04 4681 SBA, 2006 WL 1009228 (N.D. Cal. 2006) (same); *In re Comp. Assocs. Secs. Litig.*, No. 98 Civ. 4839(TCP), 2003 WL 25770761 (E.D.N.Y. 2003) (same).

With respect to the "fairness" requirement, as set forth in the text of Section 3(a)(10), "the court must find the terms and conditions of the exchange '[f]air' ***to those to whom the securities will be issued***." *In re Bd. of Directors of Multicanal S.A.*, 340 B.R. 154 (Bankr. S.D.N.Y. 2006) (emphasis added). Moreover, in the Section 3(a)(10) context, the court "is not confronted with measuring the adequacy of the relief obtained by comparing the value of the securities to be issued with the claims of loss, as would be true in the settlement of a class action or a derivative action." *SEC v. Blinder Robinson & Co.*, Inc. 511 F. Supp. 799, 801 (D. Col. 1981) ("I have made no attempt to determine value . . . because the fairness of the offer does not depend upon it."). Rather, where, as here, a sophisticated party knowingly accepts securities as part of a settlement, the issuance of such securities pursuant to Section 3(a)(10) is presumptively fair.

Courts in this District have accepted Section 3(a)(10) as appropriate in connection with settlement of litigation between public company issuers and investors. *See e.g., Sabby Volatility Warrant Master Fund Ltd. v. Kiromic Biopharma, Inc.*, 638 F. Supp. 3d 393, 396 (S.D.N.Y. 2022) **(Fleming Decl. Ex. 3)**; *Growblox Sciences, Inc. v. GCA Administrative Services LLC*, 14 Civ. 2280 (ER) (DCF) (Dkt. #84, 9/01/16); *YA II PIN*, 435 F. Supp. 3d. at 626.

II.     **Each of The Prerequisites of Section 3(a)(10) Are Met.**

Here, each of the prerequisites of Section 3(a)(10) has been met.

First, all of the Parties jointly submit that the contemplated Settlement Shares are fair, reasonable, and adequate. Sabby, the recipient of the Settlement Shares, is a sophisticated investor who concluded that the terms of the issuance are fair, as set forth in the accompanying declaration annexed as **Fleming Decl. Exhibit 2**. In bringing this application, Sabby seeks to

protect itself by ensuring the full transferability of the Settlement Shares that it has agreed to accept to resolve the claims against Aditxt.

Aditxt has also concluded that the terms of the issuance of the Settlement Shares are fair by entering into the Settlement Agreement, which is the product of an arm's length negotiation between the Parties. The amounts involved are reasonable in relation to the potential loss in this case and the settling Parties are assuming market risk of a decline in the share price of Aditxt's common stock. Moreover, given that this action arose from Aditxt's failure to issue free-trading shares to Sabby, it is appropriate for the remedy to be free-trading shares. There can thus be no doubt that the Settlement Agreement and contemplated issuance of the Settlement Shares are fair, reasonable, and adequate.

Second, the Court is advised by this motion on consent that, should the Court find that the proposed transaction is reasonable and fair, Aditxt intends to rely on the Section 3(a)(10) exemption from registration for the issuance of the Settlement Shares.

Finally, as noted, the statutory language of Section 3(a)(10) refers to a "hearing" to confirm the fair treatment of the recipient of the proposed Settlement Shares without any further specifications. Section 3(a)(10) applications are often brought in the context of corporate reorganizations or class-action settlements, where the court must conduct a hearing to confirm that an unfair settlement is not being forced upon small trade creditors or shareholders with modest holdings. Here, by contrast, the only party who will receive the Settlement Shares at issue – Sabby – is making the joint application and has indicated the fairness of the exchange and their desire for prompt approval. The Parties thus respectfully submit that all requirements of Section 3(a)(10) have already been met, which obviates the need for any further hearing on such issues. The Parties

nevertheless stand ready to appear (including through counsel) and/or to submit further proof, as the Court may require.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court approve the issuance of the Settlement Shares as exempt from registration with the SEC and without restrictive legends, as contemplated by the Settlement Agreement, and, if necessary, that it schedule a hearing on this Section 3(a)(10) Application.

Dated: New York, New York
        January 10, 2024

OLSHAN FROME WOLOSKY LLP

By:   /s/ *Thomas J. Fleming*
      Thomas J. Fleming
      Adrienne M. Ward
      Stephen P. Ross
      1325 Avenue of the Americas
      New York, New York 10019
      (212) 451-2300
      *Counsel for Plaintiff Sabby Volatility Warrant Master Fund Ltd.*

GOLDBERG SEGALLA LLP

By:   /s/ *Adam S. Katz*
      Adam S. Katz
      711 Third Avenue, Suite 1900
      New York, New York 10017
      (646) 292-8787
      *Counsel for Defendant Aditxt Inc.*

12319751-3